Filed 12/7/15  P. v. Henry CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARVIN HENRY,<br><br>     Defendant and Appellant. | H042356<br>(Santa Clara County<br> Super. Ct. No. C1493545) |

Defendant Marvin Henry appeals after pleading no contest to inflicting corporal injury upon a cohabitant with a specified prior conviction (Pen. Code, § 273.5, subd. (f)(2)),[1] and admitting that he had a prior strike (§§ 667, subds. (b)-(i), 1170.12). Defendant was sentenced to four years in prison.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  Defendant requested and was granted a 60-day extension of time.  The extended period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## BACKGROUND

### A.    *Offense*

As defendant was convicted by plea, the following facts are taken from the probation officer's report.  In September 2014, a witness told the police that defendant and the victim had been in an argument and that defendant had punched the victim in the face several times.  As the victim attempted to flee, defendant forcefully threw her to the ground and kicked her numerous times.  When witnesses told defendant to leave the victim alone, defendant stopped and walked away, threatening to kill the witnesses if they contacted the police.  The victim had swelling on one side of her face and blood near her mouth.  She did not cooperate with the police and she refused medical attention. Defendant had been involved in prior incidents of domestic violence against the victim.

### B.    *Charges and Plea*

On September 24, 2014, defendant was charged by complaint with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1), inflicting corporal injury upon a cohabitant with a prior conviction under section 243, subdivision (e) within the preceding seven years (§ 273.5, subd. (f)(2); count 2), attempting to dissuade a victim or witness from reporting a crime (§ 136.1, subd. (b)(1); count 3), misdemeanor violation of a protective order with physical injury (§ 273.6, subd. (b); count 4), and four counts of misdemeanor criminal contempt for violating a protective order or stay-away order (§ 166, subd. (c)(1); counts 5 - 8).  The complaint further alleged that defendant had a prior serious felony conviction and a prior strike (§§ 667, subds. (a), (b)-(i), 1170.12).

On December 29, 2014, defendant pleaded no contest to inflicting corporal injury upon a cohabitant with a specified prior conviction (§ 273.5, subd. (f)(2); count 2).  He

2

also admitted having a prior strike (§§ 667, subds. (b)-(i), 1170.12).  Defendant entered his plea and admission with the understanding that he would receive a "four-year top," that he could file a *Romero* motion,[2] that the remaining counts and allegation would be submitted for dismissal at the time of sentencing, and that he would be admitting that he violated probation in other cases.

In early 2015, the trial court appointed a psychotherapist to examine defendant at his counsel's request pursuant to Evidence Code section 1017, and to make the result of the examination available to defendant's counsel.

### C.    *Sentencing and Appeal*

Defendant filed a statement in mitigation and requested that the trial court strike his prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Defendant sought to be placed on probation.  The prosecutor filed opposition to defendant's *Romero* motion and requested that defendant be sentenced to four years in prison.  In the probation report, the probation officer observed that defendant's criminal history included two felony convictions and 29 misdemeanor convictions.  Regarding the victim in the instant case, defendant had been arrested for assaulting her on four other occasions, and he was on probation in at least three cases at the time of the offense.  The probation officer ultimately recommended the mitigated term in order "to stay within the confines of the 4 year top."

On April 10, 2015, the trial court denied defendant's request to strike his prior strike and sentenced defendant to four years in prison.  The court based its decision on the current offense, defendant's past criminal history, and his character and prospects. Defendant's prison term was based on the lower term of two years, doubled.  The court granted 404 days of custody credits and ordered defendant to pay various fines and fees.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

The remaining counts and allegation were dismissed. The court also sentenced defendant in a separate misdemeanor case and terminated his probation in three other cases.

Defendant filed a timely notice of appeal and we appointed counsel to represent him in this court.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.